IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRANCE DAUGHERTY, #R-01171, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 17−cv−809−MJR |
| vs. | ) ) | |
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and J. BALDWIN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Terrance Daugherty, an inmate in Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Big Muddy River Correctional Center ("Big Muddy"). In his Complaint, Plaintiff claims the defendants subjected him to excessive force, were deliberately indifferent to his serious medical issues, and violated his due process rights in violation of the Eighth and Fourteenth Amendments. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on June 23, 2015, John Doe 1, a sergeant or lieutenant at Big Muddy, attempted to throw Plaintiff over a guard rail affixed outside of his cell on the top level of the housing unit. (Doc. 1, p. 5). Plaintiff did nothing to deserve such treatment, and in fact complied with being handcuffed when he was prompted. *Id.* Plaintiff was then "aggressively escorted out of the building" in a "degrading and inappropriate manner." *Id.* John Doe 1 attempted to drag Plaintiff's "dangling body" to health care when he became frustrated with Plaintiff's "fatigue caused by the brawl altercation in [his] cell." (Doc. 1, p. 6). John Doe 1 placed his knee in the center of Plaintiff's back and pulled Plaintiff's arms "up to the back area as far as they could go" while he was handcuffed. *Id.* This

caused Plaintiff to lose his breath and faint. *Id.* John Doe 1 was assisted by another Big Muddy officer, John Doe 2, who "performed the same behavior . . . for 5 minute intervals on 3 separate occasions." *Id.* These officers "scrubbed" Plaintiff's "face in the concrete, creating a flesh wound on the brow of [Plaintiff's] right eye and cheek."[1] *Id.* "This Officer John Doe" also refused to hand cuff Plaintiff properly so that he could lie on his back and receive stitches from the Health Care Unit doctor on duty. *Id.*

John Doe 3, a doctor, "deemed [Plaintiff's] laceration worthy of . . . stitches" but Plaintiff did not "receive that assured medical attention." (Doc. 1, p. 7). Ms. Durban, a nurse, was potentially present when this occurred. (Doc. 1, p. 11). John Doe 4, the adjustment committee hearing chairperson, sanctioned an inappropriate disciplinary transfer in violation of Plaintiff's liberty interest and "due process safe guards protected by the administrative directive codes ensur[ing] a fair and impartial hearing." (Doc. 1, p. 7). The co-chairperson of the adjustment committee, John Doe 5, "assisted the chairperson of the committee in violating [Plaintiff's] liberty interest protections guaranteed by the Eighth and Fourteenth" Amendments. (Doc. 1, p. 8). "The grievance officer . . . violated [Plaintiff's] liberty interest when he or she failed to adhere to [Plaintiff's] due process safe guards that should survive incarceration"[2] and Plaintiff "received no mitigation outlined in the administrative directive codes." *Id.* "The office of inmate issues is responsible for the failure to adhere to these mitigation promises via or coupled with liberty interest protections is John or Jane Doe at this time." *Id.*

Plaintiff wrote a grievance regarding the officer brutality, and the "office of inmate issues personnel member" that reviewed them, "a John or Jane Doe at this time," denied Plaintiff's

---

[1] Plaintiff later clams that "Stg. Durban is the person who caused the scrap on [his] face from the concrete." (Doc. 1, p. 11).
[2] Plaintiff notes that "the grievance officer is John or Jane Doe at this moment." (Doc. 1, p. 8).

grievances "absent proof provided by personnel and a . . . camera in the housing unit." (Doc. 1, p. 9). The Warden, another "John or Jane Doe at this point," concurred with the disciplinary infraction charges and denial of Plaintiff's grievances regarding the incident of excessive force on June 23, 2015. *Id.* The "Director that was active at the time this incident took place . . . John or Jane Doe at this moment . . . assisted [in] these constitutional deprivations" by concurring with the denial of Plaintiff's grievances regarding the excessive force incident. (Doc. 1, pp. 9-10). Plaintiff was placed in a segregation cell for three days "maximum without proper or adequate medical attention, bed mattress, nor linen covers, hygiene, or tissue." (Doc. 1, p 12). Plaintiff also could not eat the spicy kitchen food trays he received during his segregation because of his laceration. *Id.*

Plaintiff requests monetary damages from the defendants. (Doc. 1, pp. 13-14).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** On June 23, 2015, John Doe 1 used excessive force on Plaintiff by nearly throwing him over a guard rail, kneeing his back, forcing him to walk in a degrading and uncomfortable position, and dragging his face on the concrete without justification, in violation of the Eighth Amendment.

**Count 2 –** On June 23, 2015, John Doe 2 used excessive force on Plaintiff by forcing him to walk in a degrading and uncomfortable position, kneeing his back, and dragging his face on the concrete without justification, in violation of the Eighth Amendment.

**Count 3 –** On June 23, 2015, John Doe 3 showed deliberate indifference to Plaintiff's serious medical need by failing to stitch his wounds, in violation of the Eighth Amendment.

**Count 4 –** John Does 4 and 5 violated Plaintiff's right to due process by sanctioning an unjustified disciplinary transfer.

As discussed in more detail below, Counts 1 and 2 will be allowed to proceed past threshold. To the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Individuals mentioned in the Complaint but not included in the case caption or list of defendants include "Stg. Durban," Ms. Durban, and each of the "John or Jane Doe" defendants other than those outlined in Plaintiff's list of defendants and included in one or more of the delineated counts.

## Counts 1 and 2 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff's allegations regarding John Doe 1 nearly throwing him over an upper level

guard rail and John Does 1 and 2 kneeing him, putting him in a position so as to cause him to lose his breath, and dragging his face on the concrete are sufficient at this early stage to state a claim of excessive force against John Does 1 and 2. Counts 1 and 2 will therefore proceed past threshold.

### **Count 3 – Medical Needs**

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing. *See Farmer*, 511 U.S. at 835.

This Court has little information with which to determine whether Plaintiff's injuries were sufficiently serious to form the basis for a constitutional claim. In fact, Plaintiff does not

6

come close to explaining the extent and severity of his injuries. At one point, Plaintiff calls his injury a "laceration," and he deems it a "flesh wound" in another. (Doc. 1, pp. 6-7). These are incredibly ambiguous terms that could range from a deadly wound to a minor scratch. Plaintiff claims that John Doe 3 deemed his injury worthy of stitches, but this alleged determination, standing alone, does not necessarily assist this Court in its analysis. While Plaintiff's condition may constitute a serious medical need, because there is little information in the Complaint regarding the duration of the condition, the severity of the condition, and how it may affect or may have affected Plaintiff's daily activities, Plaintiff has failed to satisfy the objective element of his deliberate indifference claim at this time.

Even assuming Plaintiff adequately alleged that his medical needs were serious, which this Court does not find to be the case, the allegations in the Complaint do not necessarily support Plaintiff's claim that John Doe 3 showed deliberate indifference to them. It appears from the allegations that Plaintiff received almost immediate treatment from John Doe 3, a doctor, after he sustained his injuries. Plaintiff claims that after John Doe 3 deemed Plaintiff's "laceration" worthy of stitches, he did not "receive that assured medical attention." (Doc. 1, p. 7). Plaintiff does not claim that it was John Doe 3's decision to not administer stitches, or how, if it had been, how that decision may have constituted deliberate indifference.

If John Doe 3 provided a different treatment for Plaintiff's injuries than Plaintiff thought was appropriate, this would not necessarily render him liable under the Eighth Amendment. Mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v.*

*DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff's apparent belief that stitches would have been the appropriate course of treatment and potential disagreement with John Doe 3's actions, whatever they may have been, is not enough to elevate his claims of deliberate indifference to adequately state a claim upon which relief can be granted. Plaintiff appears to have received care almost immediately after he sustained his injuries, however severe they may have been, and he does not claim that his care was necessarily ineffective or that his pain is ongoing. He merely states that he did not receive stitches, which John Doe 3 at one point noted might be the appropriate course of treatment. There is no indication that John Doe 3's treatment of Plaintiff constituted "inadvertent error, negligence or even ordinary malpractice," much less rose to the level of an Eighth Amendment constitutional violation, particularly because Plaintiff was very vague as to both the extent of his injuries and the care he actually received. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Plaintiff has therefore not shown that John Doe 3 was deliberately indifferent to his medical needs.

For the foregoing reasons, Count 3 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### **Count 4 – Due Process**

Plaintiff's allegations against John Does 4 and 5 are sketchy and vague. His intention appears to be to bring a due process claim against them for failure to satisfy his procedural due process rights in conducting some form of disciplinary hearing. Prison disciplinary hearings

satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff has not provided any concrete information about his disciplinary hearing. Instead, he recites a legal conclusion that John Does 4 and 5 failed to adhere to Plaintiff's "due process safeguards" when they sanctioned a disciplinary transfer. The Court has nothing meaningful with which to determine whether this conclusion is true, and courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Because of the lack of facts supporting Plaintiff's due process claim against John Does 4 and 5, Count 4 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**J. Baldwin**

Plaintiff names J. Baldwin "of the Administrative Review Board" as a defendant in his case caption, but fails to mention his name at any point throughout his statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not clearly alleged that Baldwin is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* Further, assuming Plaintiff meant to allege claims against Baldwin when he stated that the "Director that was active at the time this incident took place . . . John or Jane Doe at this moment . . . assisted [in] these constitutional deprivations" by concurring with the denial of Plaintiff's grievances regarding the excessive force incident, such allegations are still not enough to state a claim against Baldwin. (Doc. 1, pp. 9-10). These allegations are both vague and conclusory. They do not provide any insight into the content of Plaintiff's grievances, nor do they explain or support a position that Baldwin should be held responsible for an already concluded act of excessive force in which he had no

involvement and of which he had no prior knowledge.

Accordingly, Baldwin will be dismissed from this action without prejudice.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Counts 1 and 2 against John Does 1 and 2, respectively. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Plaintiff has not named the Warden of Big Muddy as a defendant. The Court will therefore direct the Clerk to add the Warden of Big Muddy as a defendant, in his or her official capacity only, and he or she shall be responsible for responding to discovery (formal or otherwise) aimed at identifying the remaining unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John Doe 1 and/or John Doe 2 are discovered, Plaintiff shall file a motion to substitute the newly identified defendant(s) in place of the generic designation in the case caption and throughout the Complaint.

**Pending Motions**

Plaintiff has filed a Motion to Request Counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **JOHN DOE 1**.

**IT IS FURTHER ORDERED** that **COUNT 2** will **PROCEED** against **JOHN DOE 2**.

**IT IS FURTHER ORDERED** that **COUNT 3** will be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 4** will be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **JOHN DOES 3-5** and **J. BALDWIN** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

The **CLERK** is **DIRECTED** to **ADD** the **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER** (official capacity only) as a defendant to this lawsuit, for the sole purpose of responding to discovery requests aimed at identifying the remaining Doe defendants.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **JOHN DOE 1** (once identified), **JOHN DOE 2** (once identified), and **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Service shall not be made on Defendants John Doe 1 and John Doe 2 until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 25, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**