TERRANCE DAUGHERTY,
#R01171,

        **Plaintiff,**

**v.**

    Case No. 17-cv-00809-NJR

MICHAEL A. DURBIN, and
MICHAEL E. PADILLA,

        **Defendants.**

## ORDER GRANTING MOTION TO COMPEL

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Daugherty's Motion to Compel Compliance with Subpoena and Ordering Felton Williams to Appear for Deposition. (Doc. 104). In the Motion, Daugherty, through counsel, requests that the Court enter an order compelling nonparty witness, Felton Williams, to appear for a deposition at the earliest available date agreed upon by counsel.

### BACKGROUND

Plaintiff claims that Felton Williams was his former cellmate at Big Muddy Correctional Center and witnessed the alleged excessive force used by Defendants as well as Plaintiff's resulting injuries. (Doc. 89, p. 1). On September 10, 2019, Williams failed to appear at a deposition, despite the issuance of a subpoena and personally confirming the date with Plaintiff's counsel via email and telephone. (Doc. 89, p. 3; Doc. 104, p. 1). The Court granted Plaintiff's Motion to Compel Williams to Appear for Deposition (Doc. 91), and Williams was personally served with a subpoena and the order compelling his

appearance at a second deposition scheduled for December 11, 2019. (Doc. 104, p. 2). Although he again confirmed his appearance, Williams did not attend the deposition. (*Id.*). On December 16, 2019, Plaintiff filed a Motion to Compel Compliance with Subpoena and Ordering Felton Williams to Appear for Deposition. (Doc. 14). Plaintiff argues that as a witness to the alleged claims, Williams has relevant information to the issues in this case and an order to compel is necessary to require Williams to appear and provide sworn testimony. (Doc. 104, p. 2).

On February 4, 2020, the Court conducted a telephonic hearing regarding the Motion to Compel Compliance, and Williams was ordered to appear via telephone. At the hearing, Plaintiff's counsel stated that Williams had confirmed his attendance on January 4, 2020, but again he failed to appear by calling into the hearing. The Court, therefore, grants Plaintiff's request to compel Felton Williams to appear for his deposition. Williams is ordered to appear for the deposition at the time and place agreed upon by counsel or risk being held in civil contempt.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion to Compel Compliance with Subpoena and Ordering Felton Williams to Appear for Deposition is **GRANTED**. (Doc. 104).

**FELTON WILLIAMS** is **ORDERED** to appear for a deposition on **March 5, 2020, at 1:00 p.m.**, at the following location:

**Cozen O'Conner**
**123 N. Wacker Dr., Suite 1800**
**Chicago, IL 60606**

If Williams fails to comply with this Order, the Court may find him in **civil contempt**, **resulting in the issuance of a fine or imprisonment**. *See* FED. R. CIV. P. 45(g); *United States*

*v. Dowell,* 257 F.3d 694, 698-99 (7th Cir. 2001).

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to prepare, on Plaintiff's behalf, a form USM-285 for service of process of this Order on **Felton Williams** and deliver a service packet consisting of a USM-285 form and a copy of this Order to the United States Marshals Service. The United States Marshals Service **SHALL** personally serve upon **Felton Williams** a copy of this Order. The United States Marshals Service shall make reasonable efforts to personally serve **Felton Williams** within **21 days**. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

**IT IS SO ORDERED.**

**DATED:   February 10, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**